IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH R. PARSONS, JR., | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-1825-B-BK |
| | § | |
| HORACE MANN EDUCATORS CORP., | § | |
| ET AL., | § | |
| | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Standing Order of Reference*, Doc. 14, the Court now considers *Defendants Allstate Insurance Company and Gilda L. Spencer's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint*, Doc. 24, and *Defendants Horace Mann Educators Corporation and Douglas Kevin George's Second Amended Rule 12(b)(6) Motion to Dismiss*, Doc. 25. For the reasons that follow, the motions should be **GRANTED**.

**A. Background**

Plaintiff filed this lawsuit on July 16, 2018. Doc. 3. In the operative complaint, he alleges that he was an employee of Defendant Allstate Insurance Company ("Allstate") from 2006 until his termination in 2010, after which he worked at Defendant Horace Mann Educators Corporation ("Horace Mann") starting in 2013. Doc. 8 at 5-6, 9-10. While working at Horace Mann, Plaintiff reported unethical claims handling by Horace Mann to state officials, after which he claims Defendants began to harass him. Doc. 8 at 5-6. Plaintiff resigned from Horace Mann

in January 2014 and was arrested in December 2014 on charges associated with his employment at Allstate, including embezzlement and corporate malfeasance. Doc. 8 at 6, 9-10.

Plaintiff alleges that his arrest was the result of a conspiracy among all Defendants to retaliate against him for reporting Horace Mann's insurance claim practices. Doc. 8 at 6. Ultimately, the criminal charges against Plaintiff were dismissed in September 2016. Doc. 8 at 8-9. Plaintiff asserts that Defendants (1) violated 42 U.S.C. § 1983; (2) conspired to interfere with his civil rights in violation of 42 U.S.C. § 1985(3); (3) violated the United Nations Declaration of Rights of Indigenous Peoples (the "Declaration"); (4) intentionally and negligently inflicted emotional distress on him; (5) maliciously prosecuted him; (6) invaded his privacy; and (7) were negligent. Doc. 8 at 12-26. Defendants now move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 24; Doc. 25.

**B. Applicable Law**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

When considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. I*n re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record

2

without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

## C. Parties' Arguments and Analysis

### 1. 42 U.S.C. § 1983

In his complaint, Plaintiff alleges that Defendants conspired with former Defendant Mecklenburg County, North Carolina to violate his rights under section 1983. Doc. 8 at 6-8. In order to successfully maintain a claim against a private, non-governmental party, a plaintiff must plausibly allege that the defendant acted under color of state law. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (section 1983 does not reach "private conduct, no matter how discriminatory or wrongful"). After Defendants filed their respective motions to dismiss, however, Plaintiff stipulated to a dismissal without prejudice of his case against Mecklenburg County. Doc. 44. As such, Plaintiff cannot maintain a section 1983 action against the remaining Defendants because, as they correctly argue, there is no longer a state actor involved in the case. Doc. 46 at 5-7; Doc. 47 at 2-3.

### 2. 42 U.S.C. § 1985(3)

Plaintiff alleges that Defendants engaged in "self-dealing to settle a personal vendetta" against him, shared his personal information without his consent, and maliciously pursued false criminal charges against him in "a scheme to ruin [his] physical, emotional, and financial state." Doc. 8 at 21-23. Defendants argue, in relevant part, that Plaintiff has not stated a valid section 1985 claim because he did not allege that Defendants subjected him to class-based animus. Doc.

3

24 at 14-15; Doc. 25 at 18-19. Plaintiff responds that Defendants have "inferred" that they used race as a motivating factor in their actions, which will be proven through discovery and at trial. Doc. 42 at 4. However, as noted by Defendants, Plaintiff's failure to allege any race-based animus whatsoever is fatal to his section 1985(3) claims. *See Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001) (affirming dismissal of section 1985(3) claim where plaintiff failed to allege racial animus, noting that, "[i]n this circuit, we require an allegation of a race-based conspiracy to present a claim under § 1985(3)") (internal quotation marks and citation omitted). Accordingly, Plaintiff's section 1985(3) claims should be dismissed.

### 3. United Nations Declaration of Rights of Indigenous Peoples

Plaintiff also alleges in his complaint that Defendants violated the Declaration by conspiring to pursue false criminal charges against him after he reported their actions to law enforcement and insurance regulators. Doc. 8 at 24. Defendants correctly observe, however, that the Declaration does not provide for a private cause of action. Doc. 24 at 16-17; Doc. 25 at 19; *see Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004) (holding that the analogous United Nations Declaration of Human Rights does not of its own force impose obligations as a matter of international law); *Prophet v. United States*, 106 Fed. Cl. 456, 464 (2012) (holding that federal court lacked jurisdiction to hear disputes arising out of alleged violations of the Declaration since the purported violations were of human rights instruments that were not acts of Congress). Thus, this claim should be dismissed.

### 4. Tort Claims

Finally, Plaintiff alleges that Defendants (1) intentionally and negligently inflicted emotional distress on him; (2) maliciously prosecuted him; (3) invaded his privacy; and (4) were negligent. Defendants argue that these claims are barred by the statute of limitations. Doc. 24 at

4

12-14; Doc. 25 at 9-10. In response, Plaintiff contends that Defendants' tortious actions continued until the time he filed this lawsuit in July 2018, rendering his claims timely. Doc. 41 at 3, 10-12; Doc. 42 at 12-13.

The statute of limitations for filing a malicious prosecution claim is one year, which is measured from the date the criminal prosecution is terminated in the plaintiff's favor. TEX. CIV. PRAC. & REM. CODE § 16.002; *Patrick v. Howard*, 904 S.W.2d 941, 942 (Tex.App.—Austin 1995) (holding that plaintiff's criminal prosecution was terminated when the indictment against him was dismissed). As stated in his complaint, the criminal charges against Plaintiff were dismissed in September 2016, leaving him with one year from that date to file a malicious prosecution claim. Plaintiff did not file the instant lawsuit until July 2018. Thus, this claim is untimely and should be dismissed.

For the remainder of Plaintiff's tort claims, the statute of limitations is two years, which period begins to run when a plaintiff knows or should have known of the injury that forms the basis for the claim. TEX. CIV. PRAC. & REM. CODE §§ 16.002, 16.003(a); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). To satisfy the two-year statutes of limitation, Plaintiff was required to have alleged that the tortious conduct and injury occurred in or after July 2016. The timeline that Plaintiff himself sets forth in his complaint, however, clearly establishes otherwise. Plaintiff alleges that:

> 1. Between September 2013 and December 2014, Defendants "actively pursued, devised and carried out a plan to retaliate against Plaintiff," Doc. 8 at 6, and "used secret personal, and corporate telephonic and computer devices across interstate lines, to devise a plan … to retaliate against Plaintiff with false felony charges . . .," Doc. 8 at 11;
>
> 2. "On or about December 14, 2014, Defendants caused the Plaintiff to be arrested . . ." Doc. 8 at 6;

5

   3. "Plaintiff was arrested for the second time for the same incident [and] was subsequently released on his own recognizance and allowed [to] turn himself into Mecklenburg County Sheriff's office" in January 2015, Doc. 8 at 6; and

   4. These "false charges" caused Plaintiff to suffer "devastating emotional, mental, physical and economic impact," Doc. 8 at 7-8.

Even liberally construing Plaintiff's allegation that Defendants' actions have continuously harmed him as suggesting that the continuing tort doctrine applies to these claims, the claims nevertheless fail. The continuing tort doctrine applies to tortious acts that are inflicted over a period of time and repeated until stopped − each day creates a separate cause of action. *Two Pesos, Inc. v. Gulf Ins. Co.*, 901 S.W.2d 495, 500 (Tex.App.-Houston [14th Dist.] 1995). The doctrine is not applicable in this case, however, because Plaintiff's arrests were two discrete acts, albeit acts that led to further consequences for Plaintiff. As cogently stated by the Supreme Court of Texas, "a cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017) (quoting *Murray v. San Jacinto Agency, Inc*., 800 S.W.2d 826, 828 (Tex. 1990)). The fact that a plaintiff continues to accrue damages for an extended period after the fact does not prevent the limitations period from starting to run. *Murray*, 800 S.W.2d at 828. Consequently, Plaintiff's tort claims should be dismissed.

## D. Leave to Amend

Plaintiff requests that if the Court determines his claims should be dismissed, he be permitted to amend his complaint to address any noted deficiencies. Doc. 41 at 18; Doc. 42 at 18. Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. However, Plaintiff already has amended his complaint once, so it appears that he has pled his best case at this point. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per

6

curiam) (dismissal with prejudice of a *pro se* case is appropriate if the court determines that the plaintiff has alleged his best case). Moreover, considering the facts that Plaintiff pled, there is virtually no possibility that he can succeed on any of his claims. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations). Thus, allowing Plaintiff leave to amend his complaint again would be futile, cause needless delay, and waste the Court's resources. Accordingly, Plaintiff's complaint should be dismissed with prejudice.

**E.   Conclusion**

For the foregoing reasons, *Defendants Allstate Insurance Company and Gilda L. Spencer's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint*, Doc. 24, and *Defendants Horace Mann Educators Corporation and Douglas Kevin George's Second Amended Rule 12(b)(6) Motion to Dismiss*, Doc. 25, should be **GRANTED** and Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on May 3, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and specify where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).